210

Application of HORTON et al.

Patent Appeal No. 5023.

Court of Customs and Patent Appeals.
June 22, 1945.

Rehearing Denied Sept. 26, 1945.

Bean, Brooks, Buckley & Bean, of Buffalo, N. Y. (Harrison M. Brooks, of Buffalo, N. Y., of counsel), for appellants.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 34, 35, 37, 40, 41, 42, 45, and 46 in appellants' application for a patent for an invention relating to improvements in "a window opening and closing mechanism for the windows of motor vehicles and more particularly to a power operated mechanism of the fluid pressure type."

Four claims (Nos. 36, 39, 43, and 47) were allowed by the Board of Appeals.

Claims 34, 40, and 46 are illustrative of the appealed claims. They read:

"34. In combination, a window mounted for opening and closing movement, a fluid pressure motor having a casing chamber and a relatively movable wall, means operatively connecting the motor to the window in a manner to transmit power from the motor as well as from the window, manual control means for establishing communication between the chamber and a source of fluid pressure for operating the motor to actuate the window, said casing having a relatively fixed lock engaging surface substantially coextensive with the motor stroke, and window actuated motor released lock means operable upon the transmission of power from the window by said connecting means to engage the adjacent portion of the lock engaging surface and thereby hold the window against opening movement in any position of window adjustment."

"40. A slidable window coupled to the sliding piston of a reciprocatory air motor for movement back and forth with the sliding piston from and to a closed position, such combined window-piston unit being movable in either direction by forces applied on either end of the unit, a window lock operable by and during window opening movement of the unit to lock the unit against movement when a force is applied to the window end thereof and rendered inoperative by and during movement of the unit when a force is applied to the piston end thereof, and means controlling the operative admission of air pressure to the motor."

"46. A window system comprising a window and a motor, the motor having a chamber and a sliding piston therein operatively connected to the window for movement therewith back and forth as a unit, a motor contained lock for the unit carried by the piston within the chamber and engageable with a fixed part of the latter to secure the window against opening movement, and means operable to so render the lock operative and adapted to render the lock inoperative to release the window by and during operation of the motor."

The references are:

Dalton, 1,073,403, Sept. 16, 1913;

Achenbach (Swiss), 70,401, Jan. 23, 1915;

Hansen, 1,827,746, Oct. 20, 1931;

Forman, 1,852,453, Apr. 5, 1932;

Bracken, 1,925,976, Sept. 5, 1933;

Sleigh et al. (Brit.), 478,963, Jan. 24, 1938;

Clench, 2,119,419, May 31, 1938;

Giffoniello et al., 2,194,747, Mar. 26, 1940;

Greve, 2,259,815, Oct. 21, 1941.

Appellants' device, as described in their application, comprises a window mounted for vertical sliding movement in a door. The window may be moved up or down, that is, to a closed or open position, by the rod of a piston in a cylinder. The piston is made in two sections. The upper section, to which the piston rod is connected, includes a channel-shaped member, the upper portion of which engages the cylinder and is provided with a "cup packing," while the lower portion acts as a support for a set of rollers. The lower section of the piston carries two brake shoes. It is also provided with a "cup packing" which engages the cylinder wall. The brake shoes have tongues which fit into grooves in the section, so that they may slide radially into locking engagement with the cylinder wall. The shoes also have upper projections which rest on the rollers, so that the rollers are retained between the projections and the lower flange or portion of the channel-shaped member of the upper section of the piston. The rollers are in engagement with the surface of the channel-shaped member between its upper and lower portions or flanges, and with the inner surfaces of the brake shoes. The brake shoes and surfaces of the channel-shaped member are inclined so that any downward movement of the upper piston section, relative to the lower section and the brake shoes carried thereby, causes the rollers to force the brake shoes outwardly against the cylinder wall thus locking the piston in position.

Appellants' piston is actuated by admitting atmospheric pressure to one end while subjecting the other end to a vacuum. The flanges of the "cup packings" are turned inwardly, so that when atmospheric pressure is applied to the lower side of the piston, the air passes the packing on the lower section and acts on the lower (inner) side of the upper packing, whereas, when atmospheric pressure is applied to the upper side of the piston, the air passes the upper packing and acts on the upper (inner) side of the lower packing. The result of such an arrangement is that when the piston is actuated by pressure, the leading section of the piston always pulls the other section, thus holding the rollers tightly between the flange on the channel-shaped member of the upper section and the projections on the brake shoes on the lower section so that the brake shoes will not be expanded. The same action takes place if the window is raised manually, since the piston rod will then move the upper section of the piston and cause it to pull the lower section without expanding the brake shoes. However, should an attempt be made to lower the window manually, the piston rod will push the upper section toward the lower section, thus causing the rollers to expand the brake shoes and lock them against the cylinder wall to prevent opening of the window. Appellants' arrangement prevents the opening of the window by a force applied directly to it, regardless of whether the window is closed or partially open.

The patent to Greve discloses a self-locking piston, described generally as applicable "broadly to fluid motors," but more specifically as actuating the "landing gear of airplanes and the like." The device comprises a cylinder in which is mounted a piston secured to a piston rod. The piston comprises two telescoping sections which are normally held apart by a spring. Brake shoes are slidably mounted in the wall of one section so that they may move outwardly into locking engagement with the cylinder wall. The inner ends of the brake shoes bear against an inclined surface on the other section of the piston, the arrangement being such that, if the two piston sections are moved apart, the shoes will be forced out into locking engagement. The piston is actuated by connecting its opposite ends alternatively with a source of pressure and with an exhaust outlet. The application of pressure to either side of the piston tends to force the two sections of the piston together and hence does not affect the brake shoes. However, any force exerted on the piston rod in a downward direction will move the piston sections apart and force the brake shoes into locking position.

It will be observed that the locking means both in appellants' structure and in the reference patent to Greve are the brake shoes, the difference being that in appellants' struc-

ture the brake shoes are forced into locking positions by movement of the piston sections toward each other, whereas in the patentee's structure the shoes are moved into locking position by movement of the piston sections away from each other.

The patents to Clench, Dalton, and Forman show various automatic locking means for causing a piston to lock against a force exerted through the piston rod and tending to move the piston. The disclosures in those patents are not as pertinent as the disclosure in the Greve patent and, therefore, do not require detailed consideration.

The patent to Giffoniello et al. discloses a window carried by a channel to which is secured a plate slidably mounted upon a fixed vertical guide. The plate is connected to one end of a toggle which, when in a straight position, locks the window against manual opening (lowering). The upper end of the toggle has an inclined surface which engages a block. When the block is pressed downwardly the inclined surface "breaks" the toggle and permits the lowering of the window. The block has a limited sliding movement in a slot in the plate and is connected to the end of the rod of an actuating piston. In closing the window the piston rod causes the block to be moved to the top of the slot in the plate and pushes the plate and also the window upwardly until the window reaches a closed position. When the window is closed, the toggle snaps into locking position and the window cannot be opened by force applied directly to it. However, when the piston rod is moved downwardly by the piston, the block slides down the slot and, by its engagement with the inclined surface of the toggle, "breaks" the toggle and allows the window to be opened.

The essential difference between appellants' device and that disclosed in the patent to Giffoniello et al., so far as function is concerned, is that appellants' device locks the window either in an intermediate or closed position, whereas the device disclosed in the reference does not lock the window until it has been fully closed.

The patent to Bracken discloses a window connected to one arm of a pivoted bell crank lever. The other arm of the lever is connected to a rod of an actuating piston. A projection integral with the lever near the pivot is provided with ratchet teeth adapted to engage the lower end of a latching bar when the window is closed or nearly closed.

The engagement between the ratchet teeth and the lower end of the latching bar holds the window against manual opening. The latching bar is connected to the stem of a valve, which valve controls the piston, so that when the stem is moved to cause the piston to open the window, the bar is disengaged from the ratchet teeth and the window is permitted to open.

The difference in operation between appellants' device and that disclosed in the patent to Bracken is that appellants' device is designed to lock the window in all positions, whereas the Bracken device locks the window in certain positions only. Furthermore, Bracken's lock is released by movement of the valve which controls the piston, whereas appellants' lock is released by movement of the piston itself.

The patents to Hansen and Sleigh et al. disclose manual window actuating means which are so constructed that a window cannot be opened from any position by a force exerted directly upon it, but can be opened only by operation of the window actuating means.

The patent to Achenbach discloses a piston-actuated mechanism provided with means for locking a window in any position. The patentee's locking means is not automatic, but is operated by a manually actuated movement of the handle of the valve which controls the piston.

The Primary Examiner rejected the appealed claims as functional because, he stated, "they recite the functioning of the clutch with no positive recitation of clutch structure to support the functional definition thereof." He also rejected the claims "as lacking in invention over Greve, Dalton, Clench or Forman on the ground that it would not be inventive to utilize piston locking means illustrated by such references on a Vehicle Window, that of Bracken, for instance, Giffoniello or Achenbach."

The Board of Appeals, after stating that the examiner relied on the disclosures in the patents to Giffoniello et al., Bracken, and Achenbach in view of the disclosures in the patents to Greve, Clench, and Forman for rejection of the appealed claims, said:

" * * * We do not regard the combination of references proposed by the examiner as properly made, because there is nothing in either set of references to suggest the combination which certain of the claims recite. The combination proposed has been made in the light of applicant's disclosure.

We are therefore of the opinion that claims 36, 39, 43 and 47 may be allowed, and that claim 44 can be allowed if "upon" in line 10 be changed to—by.

"The remaining claims by their broad and indefinite language fail to make a clear distinction from the combination of references urged, or to qualify as reciting sufficient structure. They contain various board allusions to intangible structure which operates in a way as stated, and we regard them as properly rejected by the examiner."

In denying appellants' request for reconsideration of its original decision, the board quoted from appealed claim 40 and stated, among other things, that the appealed claims define the "generic novelty" of appellants' device "in terms of how it operates rather than in terms of what structure is provided."

■ It will be observed from the quoted excerpt from the board's original decision that the board was of opinion that it was improper to combine, as did the Primary Examiner, disclosures relating to mechanisms for operating and securing slidable windows, such as disclosed in the patents to Giffoniello et al., Bracken, and Achenbach, with disclosures relating to mechanisms, such as locking means for fluid motors, particularly of the type used in operating the landing gear of airplanes (disclosed in the patent to Greve), locking means for fluid pressure operating vacuum engines (disclosed in the patent to Forman), for power actuated reversing gear and means for locking the gear (disclosed in the patent to Dalton), and locking means for fluid motors for liquid pressure remote control systems (disclosed in the patent to Clench); that the combination of such disclosures had been made by the Primary Examiner in the light of appellants' disclosure; and that specific claims to appellants' device were patentable over the disclosures in the references relating to mechanism for operating and securing slidable windows. The board was further of opinion, as stated in its decisions, that the claims here on appeal do not define the "generic novelty" of appellants' device in terms of structure, but rather in terms of function.

If the latter holding of the board is correct, the rejection should be sustained, since claims drawn to apparatus cannot be allowed unless they distinguish from the prior art in terms of structure. In re Skaupy, 67 F.2d 492, 21 C.C.P.A., Patents, 712; In re Carr, 120 F.2d 386, 28 C.C.P.A., Patents, 1240; General Electric Co. v. Wabash Appliance Corp. et al., 304 U.S. 364, 370, 371, 58 S.Ct. 899, 82 L.Ed. 1402.

■ Claim 34 contains the limitations that the casing of the pressure motor which operates the window has "a relatively fixed lock engaging surface substantially coextensive with the motor stroke," and that the "lock means" is operable to engage the "lock engaging surface." Those limitations are definite structural limitations which clearly are not disclosed or suggested in the patents relied upon by the board. We are of opinion, therefore, that the holding of the board that claim 34 differs from the disclosures in the patents to Giffoniello et al., Achenbach, or Bracken in terms of function only is incorrect.

Claim 35 recites no actual structure which is not shown in the Giffoniello et al. patent. That portion of the claim which must be relied upon to distinguish it from the Giffoniello et al. patent is the statement that the window locking means is "for rendering the latter [the window] irreversible in its motion, in one direction only, from an outside source of power while permitting manual movement of the window in the opposite direction." The quoted limitation does not define any structure of the locking means. Instead of stating what the structure is, it states merely what it does. Such a statement, standing alone, is insufficient to render a claim to an apparatus patentable. Claim 35 concludes with the statement that the locking means is "releasable automatically by and upon operation of the motor unit."

Since the locking means (toggle) disclosed in the Giffoniello et al. patent is released automatically by, and upon operation of, the motor unit, the concluding statement in claim 35 does not distinguish functionally or otherwise over the disclosure in the Giffoniello et al. patent.

Claim 37 does not call for any structure which is not disclosed in the Giffoniello et al. patent. It includes the purely functional statements that the locking means is "held inoperative by and during motor operation," and that it is "operable by and from the window to resist sliding of the movable element and thereby prevent unauthorized opening of the window from without the vehicle."

Claim 40 allegedly distinguishes from the disclosure in the patent to Giffoniello et al. by the statement contained therein that the lock is "operable by and during window opening movement of the unit to lock the unit," and that it is "rendered inoperative by and during movement of the unit when a force is applied to the piston end thereof." Those statements recite nothing but function, and the function recited in the second statement is performed by the device disclosed in the Giffoniello et al. patent in which the movement of the piston "breaks" the toggle and renders the locking means inoperative.

Claim 41 is readable on the Giffoniello et al. patent, except for the functional statements contained therein which correspond, in substance, to those in claim 40.

Claim 42 also fails to distinguish from Giffoniello et al. in structure. The functional limitations in this claim correspond to those in claims 40 and 41, except that it contains the further functional statements that the lock is "independent of the manual control," and that it is "for locking the window with increasingly greater securement in accordance with an increase in the effort applied to the window end of the unit."

Claim 45 contains the limitation that the lock is "wholly independent of the control means and operable by a prying effort on the window end of the unit for holding the window against further opening movement." That limitation is merely functional, and such apparatus as is called for by the claim is disclosed in the Giffoniello et al. patent.

Owing to the fact that claims 35, 37, 40, 41, 42, and 45 are readable on the disclosure in the Giffoniello et al. patent, so far as the structure recited therein is concerned, they were properly rejected by the tribunals of the Patent Office.

Claim 46, in addition to defining structure, such as disclosed in the patents to Giffoniello et al., Bracken, and Achenbach, contains the limitation that the lock is "carried by the piston within the chamber and [is] engageable with a fixed part of the latter." This is a structural limitation which is neither disclosed nor suggested by the references relied upon by the board. We are of opinion, therefore, that, although claim 46 contains functional statements, the structural limitations contained therein are sufficient to present a patentable distinction over the references relied upon by the board.

For the reasons stated, the decision of the Board of Appeals is modified, being reversed as to claims 34 and 46, and affirmed as to claims 35, 37, 40, 41, 42, and 45.